IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) TIFFANY SIMPSON, Personal Representative of the Estate of Logan Wayne Simpson,

    **Plaintiff,**

v.

(1) JON LITTLE,
(2) IKE SHIRLEY,
(3) CITY OF BIXBY, OKLAHOMA,
(4) JANE DOE, and
(5) JOHN DOE,

    **Defendants.**

Case No. 18-cv-491-GKF-FHM

### DEFENDANTS CITY OF BIXBY AND IKE SHIRLEY'S REPLY IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT

COME NOW, Defendants, City of Bixby ("Bixby") and Ike Shirley ("Shirley"), and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, offers the following in reply in support of their Motion to Dismiss Plaintiff's First Amended Complaint [Doc. 34] for failure to state a claim upon which relief can be granted. In further support of their Motion to Dismiss, Defendants Bixby and Shirley would show the Court as follows:

**I. THERE IS NO UNDERLYING CONSTITUTIONAL VIOLATION BY LITTLE, AS ESTABLISHED BY HIS MOTION TO DISMISS. AS A RESULT, ALL CLAIMS AGAINST SHIRLEY AND CITY MUST BE DISMISSED.**

Both Shirley and Bixby adopt the arguments made by Defendant Little in his Motion to Dismiss on March 13, 2019 [Doc. 28]. Defendant Little's Motion to Dismiss correctly demonstrates that his conduct was not in violation of Logan Simpson's constitutional rights and that his use of force was objectively reasonable under the circumstances. In his Motion, Defendant Little cites *Graham v. Conner*, 490 U.S. 386 (1989) for the proposition that his actions were

{00524998}

530-129

objectively reasonable in light of the totality of the facts and circumstances confronting him, without regard to his underlying intent or motivation. Defendant Little's Motion also demonstrates that his actions are to be judged from "the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Id.* at 396-397. Furthermore, Defendant Little argues that " the use of deadly force is justified under the Fourth Amendment if a reasonable officer in the defendant's position would have had probable cause to believe that there was a threat of serious harm to themselves or to others." *Jiron v. City of Lakewood*, 392 F.3d 410, 416 (10th Cir. 2004).

Plaintiff's claim that "Little's claim that he believed he was in danger is of no consequence" is incorrect. [Doc. 40, p. 5] *Jiron* makes it clear that Defendant Little's belief that he was in danger is pertinent when analyzing whether or not he had probable cause to believe there was a threat of serious harm to himself. Plaintiff also cites *Cordova v. Aragon*, 569 F.3d 1183, 1195 (10th Cir. 2009) for the proposition that shots fired into the side of a vehicle support a finding that the officer was not in imminent danger and not entitled to use deadly force. However, Plaintiff fails to mention the suspect in *Cordova* was shot in the back of the head, thus his escape had progressed to the point of bypassing the officers completely – a fact not present in this case. Shirley and Bixby would also note to the Court that the officer in *Cordova* was granted qualified immunity, as Defendant Little's Motion to Dismiss correctly notes that he is entitled.

Plaintiff's claims against Defendant Little are insufficient to establish liability under § 1983. As there is no basis for liability against Defendant Little, all claims against Shirley and Bixby must be dismissed as well.

II.   **PLAINTIFF'S RESPONSE FAILS TO DEMONSTRATE PERSONAL INVOLVEMENT AND A CONSTITUTIONAL VIOLATION WITH THE REQUISITE STATE OF MIND.**

As previously stated, personal liability for a public official may be imposed under *Dodds*

{00524998}                                                      2

530-129

*v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010) where he "(1) promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id*. *Schneider v. City of Grand Junction Police Dep't* makes it very clear that Plaintiff must demonstrate that Shirley had "personal involvement", and his actions were the "sufficient causal connection" to a constitutional violation and with a "culpable state of mind". *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 767 (10th Cir. 2013);

In Plaintiff's Response to Defendants' Motion to Dismiss ("Plaintiff's Response"), the Plaintiff erroneously relies upon *Burke v. Glanz,* 292 F. Supp. 3d 1235, 1248 (N.D. Okla. 2017). In *Burke*, the plaintiff was able to note that the officer's supervisor, former Tulsa County Sheriff Stanley Glanz, knew of the deficiencies in the officer's training that included lacking hundreds of hours of required training, failure to meet firearms requirements, and falsified training records. Moreover, Glanz continued to let the officer in question operate in the field (including a violent crimes task force) despite being challenged by other supervisory employees on said officer's lack of training and qualifications. There are no such allegations in this case, and Plaintiff's reliance on *Burke* is improper.

Plaintiff also cites *Larez v. City of Los Angeles*, 946 F.2d 630, 634 (9th Cir. 1991) in support of her contention that Shirley should be individually liable. Plaintiff's reliance on *Larez* is also misplaced, as one the allegations in that case involved a policy of excessive force supported by a two-year comprehensive study conducted of complaints levied against the Los Angeles Police Department which showed a failure of the LAPD to discipline officers. Plaintiff has not made such an allegation against the City of Bixby or the Bixby Police Department. Accordingly, *Larez* is inapplicable to this case.

530-129

The case law provided in Plaintiff's Response fails to demonstrate that Shirley could be found to have been personally involved, *i.e.* by his own individual actions, in a violation of Logan Simpson's constitution rights, as required by *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948, 173 L. Ed. 2d 868 (2009). See also, *Schneider* at 760. Additionally, Plaintiff's Response also fails to demonstrate a "requisite causal connection" between Shirley and an alleged deprivation of Logan Simpson's constitutional rights. " *Dodds*, 614 F.3d at 1185. Thus, Plaintiff has failed to demonstrate an "affirmative link" between Shirley and the constitutional violation. *Schneider,* 717 F.3d at 767.

Plaintiff's contention that shooting is the natural result of Shirley's actions related to the handling of the two minor departmental offenses committed by Defendant Little is simply without merit. The two minor departmental violations did not involve shootings, did not involve the use of force, did not result in harm to any member of the public, and Plaintiff has even provided the Court with the disciplinary consequences for Defendant Little for his actions. As noted in Defendants' Motion to Dismiss, "'deliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of an officer's actions." *Bd. of Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397 (1997). Defendant Little being disciplined for false timesheet entries and misjudging the proper distance to pursue a fleeing suspect simply fails to meet the deliberate indifference standard, *i.e.* "knowingly created a substantial risk of constitutional injury." *Dodds*, 614 F.3d at 1206.

Since Plaintiff's Response fails to demonstrate facts sufficient to indicate that Shirley was personally involved in, or promulgated any acts that caused a violation of Logan Simpson's constitutional rights, Plaintiff has failed to state a claim for which relief can be granted. Accordingly, the Court must dismiss Plaintiff's claims against Shirley in his individual capacity.

530-129

### III. PLAINTIFF'S RESPONSE FAILS TO DEMONSTRATE A CLAIM FOR OFFICIAL CAPACITY/MUNICIPAL LIABILITY.

Plaintiff's Response fails to demonstrate the existence of **any** municipal policy by which Plaintiff was denied a constitutional right and fails to demonstrate that any alleged policy was the moving force behind the constitutional deprivation. Furthermore, Plaintiff's Response is void of any demonstration of a direct causal link between a nonexistent policy and the alleged constitutional violation to establish municipality liable under § 1983. See *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).

The deliberate indifference standard may be satisfied when the municipality has actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation, and it consciously or deliberately chooses to disregard the risk of harm. See *Brown*, 520 U.S. at 407, 117 S.Ct. at 1390. *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

### A. Plaintiff's Response fails to demonstrate a claim for deliberate indifference due to hiring.

Plaintiff's Response alleges that Shirley, both in his official and individual capacity, and Bixby, did not perform due diligence in hiring Defendant Little. As discussed in Defendants' Motion to Dismiss, the U.S. Supreme Court stated that a "finding of culpability . . . must depend on a finding that **this officer** was highly likely to inflict **the particular injury** suffered by the plaintiff. **The connection between the background of the particular applicant and the specific constitutional violation alleged must be strong.**" *Brown*, at 412 (emphasis added).

In support of her contentions, Plaintiff cites *J.L.C. v. McKinney*, No. CIV-11-683-C, 2014 WL 4145550, at *2 (W.D. Okla. Aug. 19, 2014) and *Raby v. Baptist Med. Ctr.*, 21 F. Supp. 2d 1341, 1352 (M.D. Ala. 1998). Neither of these cases are factually applicable to this case. *McKinney*

530-129

involved an officer with a history of sexual misconduct that committed a sexual assault on a suspect and *Raby* involved a claim of excessive force by an officer with a history of aggressiveness. In both cases, the officer in question had committed a constitutional violation in accordance with their respective backgrounds.

There is simply nothing in Plaintiff's Response that makes a "strong" connection between Defendant Little's background and the alleged constitutional violation as required by *Brown*. Plaintiff's vague allegation that Defendant Little was terminated from his previous law enforcement job because he was unfit for duty is insufficient to establish a connection between Defendant Little's background and the alleged constitutional violation. As a result, Plaintiff has failed to state a claim for which relief can be granted.

    **B.**    **Plaintiff's Response fails to demonstrate a claim for deliberate indifference due to failure to supervise or failure to train.**

Plaintiff's Response reiterates that Shirley, both in his official and individual capacity, and Bixby, failed to supervise and train Defendant Little, as well as the dispatchers for the Bixby Police Department. Under *Whitewater v. Goss*, there must be a direct causal link between the constitutional deprivation and the inadequate supervision complained of. *Whitewater v. Goss*, 192 Fed. Appx. 794, 797 (10th Cir.2006). *Carr v. Castle*, 337 F.3d 1221, 1228 (10th Cir.2003) (similar elements on failure to train). "[T]o extend the general duty of these [defendants] to prudently select, educate and supervise police department employees to an isolated spontaneous incident ... would be beyond reason." *McClelland v. Facteau*, 610 F.2d 693, 697 (10th Cir.1979) (citing *Jennings v. Davis*, 476 F.2d 1271 (8th Cir.1973)). *White v. Talboys*, 573 F. Supp. 49, 51 (D. Colo. 1983).

Plaintiff quotes *City of Canton*, for the proposition that in examining a municipality's training program, "the focus must be on adequacy of the training program in relation to the tasks

530-129

the particular officers must perform." *City of Canton*, 489 U.S. at 385. However, Plaintiff's Response omits the very next sentence wherein the U.S. Supreme Court stated "[t]hat a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the city, for the officer's shortcomings may have resulted from factors other than a faulty training program." *Id.* at 391. The U.S. Supreme Court went on to further state:

> It may be, for example, that an otherwise sound program has occasionally been negligently administered. Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct. Such a claim could be made about almost any encounter resulting in injury, yet not condemn the adequacy of the program to enable officers to respond properly to the usual and recurring situations with which they must deal. And plainly, adequately trained officers occasionally make mistakes; the fact that they do says little about the training program or the legal basis for holding the city liable.

*City of Canton*, 489 U.S. at 390–91. Thus, it is clear that a singular incident is not indicative of a deficiency in Little's training and is, therefore, insufficient for official capacity/municipality liability under § 1983.

Plaintiff also mischaracterizes the rulings in the two cases from the Eastern District of Oklahoma. *Jones v. Hacker*, No. 13-CV-00444-JHP, 2015 WL 1279363 8 (E.D.Okla.2015) See e.g., *Rollins v. Town of Haskell, Okla.*, 2009 WL 3614784 10 (E.D.Okla.2009). In those cases, the Court made it clear that C.LE.E.T. certification defeats any argument that a municipality had a policy or custom of failing to train or supervise its officers.

As in her Petition, Plaintiff's Response makes several conclusory statements about an alleged failure to train and supervise Little and Bixby dispatchers without noting any specific deficiencies in the training. With regard to training, the U.S. Supreme Court has made it clear that "the identified deficiency must be "closely related to the ultimate injury." *City of Canton*, 489 U.S. at 391. See also *Carr,* 337 F.3d at 1230 (10th Cir. 2003) (Carr and his experts relied on the absence

530-129

of specific training; the court found that those assertions merely demonstrated the knowledge of hindsight). This allegation is necessary for a failure to train that amounts to a deliberate indifference claim under § 1983.

Simply put, Plaintiff's Petition and Response have failed to illustrate how Shirley and Bixby consciously chose to disregard any risk of harm. Accordingly, there are no set of facts under which Plaintiff can prove that Bixby or Shirley, in his individual or official capacity, demonstrated a deliberate indifference towards the rights of the public. As a result of Plaintiff's failure to state a claim for which relief can be granted, the Defendants City of Bixby and Ike Shirley, in his official capacity, must be dismissed.

    **C.**    **Plaintiff's First Amended Complaint fails to allege sufficient facts to state a claim for deliberate indifference due to failure to discipline.**

Plaintiff's Response alleges that Shirley, both in his official and individual capacity, and Bixby, failed to discipline Defendant Little. In response, Shirley and Bixby cited cases from the Tenth Circuit and other Circuits to illustrate that establishing deliberate indifference with regards to disciplinary decisions is a high and stringent standard. See *Schneider,* at 760; *DiRico v. City of Quincy*, 404 F.3d 464, 469 (1st Cir.2005); *Rogers v. City of Little Rock*, 152 F.3d 790, 800 (8th Cir.1998); *Jones v. Wellham*, 104 F.3d 620, 626–27 (4th Cir.1997). Plaintiff's contention that the plaintiffs in the aforementioned cases had a chance to conduct discovery is of no consequence. These cases provide authority that even in instances where no disciplinary action was taken, deliberate indifference is a high burden for Plaintiff to overcome and her allegations fall remarkably short. The court in *Schneider* went so far as to state that "[r]arely if ever is 'the failure of a police department to discipline in a specific instance . . . an adequate basis for municipal liability under Monell,' " *Schneider v. City of Grand Junction Police Dep't*, 717 F.3d 760, 777

(10th Cir. 2013) quoting *Butler v. City of Norman*, 992 F.2d 1053, 1056 (10th Cir.1993). Thus, simply choosing a lesser discipline than dismissal is not a basis of liability under § 1983.

In spite of the pronouncement in *Schneider*, Plaintiff's Response doubles down on her insistence that Shirley failed to supervise or discipline Defendant Little by noting only two minor instances of alleged misconduct on the part of Defendant Little. [Doc. 40, p. 13]. Plaintiff attempts to argue that Shirley failed to properly discipline Defendant Little while simultaneously citing two examples where Defendant Little **was supervised and disciplined**. Simply put, there is nothing in the facts alleged by Plaintiff that would cause Bixby or Shirley to believe there was an undue risk of harm to the public by failing to properly discipline Defendant Little.

Plaintiff has failed to allege facts sufficient to state a claim for which relief can be granted with regards to Plaintiff's claims of improper hiring, failure to supervise/train, and failure to properly discipline. Accordingly, Plaintiff's claims must be dismissed.

### IV. PLAINTIFF'S RESPONSE FAILS TO VITIATE SHIRLEY'S ENTITLEMENT TO QUALIFIED IMMUNITY IN HIS INDIVIDUAL CAPACITY.

Plaintiff's Response alleges that Shirley is not entitled to qualified immunity due to the creation of a non-existent policy that "condoned, ratified, and encouraged the use of excessive force and the making of false statements" [Doc. 40, p. 17]. There is nothing in the Plaintiff's version of facts that indicates Shirley created a policy or "condoned, ratified, and encouraged the use of excessive force and the making of false statements". It has been thoroughly demonstrated by Shirley that there is no basis for Plaintiff's claims related to failure to perform due diligence before hiring Defendant Little, as well as failure to supervise and properly discipline Defendant Little.

Plaintiff has cited *Wilson v. Montano*, 715 F.3d 847, 857 (10th Cir. 2013) and *De Gutierrez v. Albuquerque Pub. Sch.*, No. 18 CV 00077 JAP/KBM, 2018 WL 3647208, at *3 (D.N.M. Aug.

530-129

1, 2018) in support of her contention that Shirley is not entitled to qualified immunity. However, neither case is applicable to facts of this case. *Wilson* involved allegations that citizens were being detained without pending criminal charges, and the plaintiffs in that case were able to point to **numerous prior** occasions of the same constitutional violation for purposes of establishing a "policy". Plaintiff cannot point to prior occasions of the alleged constitutional violation (officers shooting suspects) in this case because there are none. Lastly, *De Gutierrez* involved the failure to establish policies for officers who dealt with special needs students, and thus is factually distinguishable from this case.

## V.     CONCLUSION

Plaintiff has failed to state a claim for which relief can be granted. With regard to Bixby and Shirley in his official capacity, Plaintiff fails to demonstrate sufficient facts with regards to her claims of improper hiring, failure to supervise/train, and failure to properly discipline Defendant Little as a police officer. Plaintiff's Response also fails to illustrate an affirmative link, casual connection, or culpable state of mind between Shirley individually and the alleged constitutional violation. Lastly, Shirley, in his individual capacity, is entitled to qualified immunity.

**WHEREFORE**, premises considered, the Defendants City of Bixby and Ike Shirley, individually and in his official capacity, respectfully request this Honorable Court dismiss this lawsuit against them and award their costs and fees incurred in the defense of this action, as well as any and all other relief the Court deems just and equitable.

530-129

Respectfully submitted,

**BEST & SHARP**

s/D. Graham Parker
Thomas A. LeBlanc, OBA#14768
D. Graham Parker, OBA #20302
Williams Center Tower 1
One West Third Street, Suite 900
Tulsa, OK 74103
Telephone: (918) 582-1234
Facsimile: (918) 585-9447
tleblanc@bestsharp.com
gparker@bestsharp.com
*Attorneys for Defendants, City of Bixby, Oklahoma, and Ike Shirley*

## CERTIFICATE OF SERVICE

I hereby certify that on 10th day of June, 2019, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

William B. Federman, OBA #2853
wbf@federmanlaw.com
Carin L. Marcussen, OBA #19869
clm@federmanlaw.com
Federman & Sherwood
10205 N. Pennsylvania Ave.
Oklahoma City, OK  73120
Telephone: 405-235-1560
Facsimile: 405-239-2112
*Attorney for Plaintiff*

Scott B. Wood
okcoplaw@aol.com
Wood, Puhl & Wood, P.L.L.C.
2409 E. Skelly Drive, Suite 200
Tulsa, OK  74106
Telephone: 918-742-0808
Facsimile: 918-742-0812
*Attorney for Defendant, Jon Little*

Kevin D. Adams, OBA #18914
kadams@lawyer.com
417 W. 7th Street, Suite 202
Tulsa, OK  74119
Telephone: 918-582-1313
Facsimile: 918-512-4206
*Attorney for Plaintiff*

s/D. Graham Parker

{00524998}                                11